UNITED STATES of America,
Plaintiff,

v.

Thomas PORTER, Defendant.

No. 3-67 CR. 61.

United States District Court
D. Minnesota,
Third Division.

Nov. 30, 1967.

Patrick J. Foley, U. S. Atty., by William E. Falvey, Minneapolis, Minn., for plaintiff.

John F. Markert, St. Paul, Minn., for defendant.

## ORDER

NEVILLE, District Judge.

Defendant above named was charged by an indictment filed November 7, 1967, with having illegally sold, bartered and exchanged narcotics without proper written order, in violation of 26 U.S.C. § 4705(a). At the time set for arraignment, defendant's counsel moved the court to defer the same so that defendant could be accorded the benefit of the recently enacted Narcotic Addict Rehabilitation Act, which became law November 8, 1966. The Act is sufficiently new (and has so recently been activated by an appropriation of funds) that no published court decisions interpreting it have been found.

The Act has several titles. Title I, 28 U.S.C. § 2901 et seq., provides in part:

" * * * the prosecution of the criminal charge will be held in abeyance if he [the defendant] elects to submit to an immediate examination to determine whether he is an addict and is likely to be rehabilitated through treatment." § 2902(a)

Defendant seeks to avail himself of this provision.

█ To be entitled to the benefits of Title I, however, a defendant must be "an eligible individual". Section 2901 (g) (2) excludes as an "eligible individual":

"an individual charged with unlawfully importing, selling, or conspiring to import or sell, a narcotic drug."

There are a number of other considerations which render a defendant not an "eligible individual", including for instance one charged with a crime of violence, one against whom is pending an undetermined prior felony charge and one who has prior convictions of two felonies. The court currently has no information on this latter score concerning the defendant, but it is clear that defendant is not an "eligible individual" in any event because of the nature of the charge contained in the indictment, i. e., that defendant sold a narcotic drug, and so further inquiry as to other exclusions is not necessary.

Title II of the Act, 18 U.S.C. § 4251 et seq., does not contemplate holding the criminal charge in abeyance pending an examination as does Title I, but presupposes two things:

1. A conviction of an offense against the United States, either after a trial or on a guilty or nolo contendere plea.

2. If the offense for which defendant is convicted is unlawfully importing or selling a narcotic drug or conspiring to do the same, he is not an "eligible offender" under 18 U.S.C. § 4251(f) (2):

"* * * unless the court determines that such sale was for the primary purpose of enabling the offender to obtain a narcotic drug which he requires for his personal use because of his addiction to such drug."

■ The court thus apparently must make a finding if he is to come under the Act that the defendant's sale of narcotics was for the purpose of raising money to buy narcotics or for the purpose of receiving a bonus in kind to support his addiction. The language is "primary purpose", not sole or only purpose.

■ Presumably to make such a finding the court should receive evidence either by affidavit or from witnesses on the stand. It would seem that the burden to establish this qualification as an "eligible offender" should be on the defendant.

■ The defendant is also not an "eligible offender" and entitled to the benefits of treatment under Title II if among other things he is presently convicted of a crime of violence, or if there is a pending and undecided felony charge against him or if the defendant has been convicted of a felony on two or more prior occasions. It would seem that the government should have the burden to inform the court of any pending felony proceedings or prior felony convictions.

If the offender is an "eligible offender", the court may then place him in the custody of the Attorney General for an examination to determine:

1. Whether he is an addict, and if so

2. Whether he is likely to be rehabilitated through treatment.

After the examination (the results of which must be reported to the court within 30 days unless the time is extended) the court will then impose the normal sentence called for under the circumstances if the offender is found not to be addicted. If he is found to be addicted, and it is found that treatment will likely help, the offender can be placed in the custody of the Attorney General for a period not to exceed the maximum prison term called for by the offense involved, or ten years, whichever is shorter.

■ The net result of the above is that the defendant herein is required to be arraigned and to enter a plea of either guilty or not guilty. If the plea be guilty, or if the plea be not guilty and he stands trial (assuming he is mentally competent within the meaning of 18 U.S.C. § 4244) and is convicted, then further consideration will be given as to his eligibility under the Narcotic Addict Rehabilitation Act.

It is so ordered.