**Henry C. RAMOS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22550.**

United States Court of Appeals,
Ninth Circuit.

Sept. 29, 1970.

**424**

Richard D. Clyde, San Francisco, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Richard L. Rosenfield, Special Asst. U. S. Atty., David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before DUNIWAY and CARTER, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

Convicted under three counts of an indictment charging (1) sale of heroin, (2) receiving, concealing and facilitating the transportation of heroin, (both violations of 21 U.S.C. § 174) and (3) sale of heroin without obtaining a written order form (a violation of 26 U.S.C. § 4705 (a)), Ramos appeals. Sentences were five years on each count, all concurrent. We affirm.

■ A narcotics agent testified that, accompanied by an informer, he went to Ramos' apartment and bought heroin from him. Ramos called a woman to the stand and offered to prove by her that she recognized the agent as a person who, according to a bartender or bar owner, had passed some bad checks. The court rejected the offer. This ruling was clearly proper. Thurman v. United States, 9 Cir., 1963, 316 F.2d 205. See also United States v. Norman, 9 Cir., 1968, 402 F.2d 73, 77.

■ Counsel urges that Ramos should have been certified as an addict, under 18 U.S.C. § 4251 et seq., rather than given a straight prison sentence. To this, there are two answers. First, the record does not show that Ramos is an addict. It contains only his trial counsel's assertion of belief that Ramos is an addict. As the court remarked, Ramos denied this. Second, and assuming that Ramos is an addict, he is not, as a seller of heroin, an "eligible offender" as defined in 18 U.S.C. § 4251(f) (2). There is no showing that the sale was for the primary purpose of obtaining the narcotic that he required because of his claimed addiction. We see noth-

---

* Honorable William J. Jameson, United States District Judge, District of Montana, sitting by designation.

ing unconstitutional in this provision. Ramos is not being punished for addiction, as was the defendant in Robinson v. California, 1962, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758. He is being punished for selling heroin. *Cf.* Powell v. Texas, 1968, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254.

Affirmed.