**UNITED STATES of America,
Respondent-Appellee,**

**v.**

**Sherman Lee HART, Petitioner-
Appellant.**

**No. 73–3139
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1974.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Sherman Lee Hart, pro se.

Donald E. Walter, U. S. Atty., L. Edwin Greer, Asst. U. S. Atty., Shreveport, La., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellant Hart pled guilty to an indictment charging him with distribution of heroin. He received a ten-year prison sentence with a three-year special parole term to follow his imprisonment. Subsequently he filed a "motion for modification or reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure," which sought resentencing under the Narcotic Addict Rehabilitation Act, 18 U.S.C.A. §§ 4251–4255. The district judge denied his motion, and we affirm.

 If a defendant is to get NARA rehabilitative sentencing the court must determine that he is an eligible offender and believe that he is an addict; then the court may, in its discretion, place him in the Attorney General's custody for an examination preliminary to treatment. In the instant case the district judge did not believe that Hart qualified for NARA sentencing. In his order denying Hart's Rule 35 motion the district judge said:

We have carefully reviewed the record and conclude that prior to and upon sentencing of petitioner we made an affirmative determination that petitioner was not an "Eligible offender" in accordance with 18 U.S.C. § 4251, and in our discretion afforded by 18 U.S.C. § 4252, did not order an examination.

 Although the district judge did not elaborate on his view that appellant was not an eligible offender, we presume the basis for ineligibility would be 18 U.S.C.A. § 4251(f)(2).[1] That provision disqualifies those convicted of making narcotic sales, unless the sales were made for the purpose of appeasing the seller's addiction. Unfortunately there is nothing in the record that touches on appellant's purpose in making the sale that resulted in his conviction. Were his status as an ineligible offender the only basis for the district judge's decision, we would have to consider remanding this case for an evidentiary hearing. *See* United States v. Phillips, 6th Cir. 1968, 403 F.2d 963; United States v. Porter, D.Minn.1967, 277 F.Supp. 655. *But cf.* Ramos v. United States, 9th Cir. 1970, 432 F.2d 423.

 The district court, however, relied on section 4252[2] as well as section 4251(f). Section 4252 allows a judge to refuse NARA relief if he believes the offender is not an addict or if, after exercising his discretion, he simply chooses not to grant relief. The probation officer's presentence report provides some support for a belief that Hart was not an addict.[3] Furthermore, the district

---

1. 18 U.S.C.A. § 4251(f)(2) provides:
 "Eligible offender" means any individual who is convicted of an offense against the United States, but does not include—
 (2) an offender who is convicted of unlawfully importing or selling or conspiring to import or sell a narcotic drug, unless the court determines that such sale was for the primary purpose of enabling the offender to obtain a narcotic drug which he requires for his personal use because of his addiction to such drug.

2. 18 U.S.C.A. § 4252 provides, in pertinent part:
 If the court believes that an eligible offender is an addict, it may place him in the custody of the Attorney General for an examination to determine whether he is an addict and is likely to be rehabilitated through treatment.

3. The probation officer, in his presentence report, said that Hart advised him he was "completely free from physical symptoms of drug addiction at this point" and stated that "there have been other instances during the last ten years when he has been physically free of Heroin but chose to resume its use." There is, of course, the possibility that Hart is an addict in the sense that he is one who "habitually uses any narcotic drug . . . so as to endanger the public morals, health, safety, or welfare . . . " even if he is not physically addicted to heroin. 18 U.S.C.A. § 4251(a).

judge stated that he exercised his discretion at the time of sentencing and consciously chose not to sentence Hart under the NARA.[4] Therefore we must uphold his decision to deny Hart NARA rehabilitation.

Affirmed.

4. The district judge's considered rejection of NARA sentencing distinguishes this case from United States v. Hollis, 5th Cir. 1971, 450 F. 2d 1207, which we remanded to the lower court for initial consideration of NARA applicability.