**UNITED STATES of America,
Plaintiff,**

v.

**Donald Grimm JOHNSON, Defendant.**

**Crim. A. No. 2351.**

United States District Court,
D. Delaware.

April 3, 1974.

Ralph F. Keil, U. S. Atty., Wilmington, Del., for plaintiff.

Dennis E. Curtis, Jerome N. Frank Legal Services Organization and Vicki Jackson, Law Student, Yale Danbury Project, New Haven, Conn., for defendant.

## OPINION AND ORDER

LATCHUM, Chief Judge.

The defendant Donald Johnson ("Johnson") was convicted by a jury of distributing a controlled substance, heroin. Thereafter on May 23, 1973 the Court sentenced Johnson to a five-year term of imprisonment plus a special parole term of three years mandated by 21 U.S.C. § 841(b)(1)(A).[1] Now Johnson has filed a motion under Rule 35, F.R. Crim.P., for a modification of his sentence.[2]

█ Johnson urges that the Court did not realize that he was an addict eligible to be sentenced under the Narcotic Addict Rehabilitation Act ("the Act"). His argument is that he was entitled to receive a sentence based upon the Court's sound discretion, and the Court's complete failure to consider alternate sentencing under the Act rendered his sentence illegal.

Under Rule 35, the Court has the power to revise the sentence imposed up to 120 days after the original sentence. After 120 days, the Court may act only if the sentence itself is illegal. The Court does not regard the sentence imposed in this case as illegal.

Johnson relies on United States v. Williams, 407 F.2d 940 (C.A. 4, 1969) in support of his argument that the Court's failure to consider alternate sentencing under the Act is an illegal sentence within the meaning of Rule 35. That case, however, is distinguishable on two grounds. First, the Court there was considering a timely appeal from a sentence imposed by the trial judge, not a Rule 35 motion raised more than 120 days after the original sentence was imposed. Second, and more importantly, as the Court pointed out in *Williams*, "*All* of the evidence before the [trial] court, including the presentence report tended to show that [the defendant] was, in fact, an addict"[3] (emphasis in original). On the contrary, in the instant case there was nothing in the record to indicate that Johnson was an addict. In fact, the presentence report reveals that Johnson denied to the Probation Department that he was an addict. Moreover, at the time set for sentencing, neither Johnson nor his attorney mentioned that Johnson was an addict or needed to sell drugs to support his addiction, although the Court gave both an opportunity to address it as to any circumstances relevant to the sentence.[4]

█ Where a defendant is convicted of distributing a controlled substance such as heroin, to be eligible for sentencing under the Act, he must show first that he is an addict, and second that his primary purpose for selling the drug was to support his habit. Until the instant motion was filed, Johnson had never claimed he was eligible for sentencing under the Act, nor had the record otherwise indicated his eligibility. As noted above, the Court had no indication of his possible eligibility prior to imposing sentence. On July 17, 1973 Johnson filed his first motion for a reduction of sentence. Nowhere in his moving papers did he hint that he was an addict. On July 27, 1973 Johnson again wrote to the Court claiming for the first time that the 12 bags of heroin that he had

---

1. 21 U.S.C. § 841(b)(1)(A) provides in pertinent part:

    "Any sentence imposing a term of imprisonment under this paragraph [making it unlawful knowingly or intentionally to distribute a controlled substance] shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment. . . ."

2. This is the third Rule 35 motion filed by Johnson. The others were filed on July 17,

1973 and September 10, 1973. Both were denied.

Rule 35 provides, inter alia, that the sentencing court may correct an illegal sentence at any time.

3. 407 F.2d at 943.

4. Despite Johnson's claim in his motion papers that his right to allocution was abridged, the record is uncontradicted that he was afforded an opportunity to address the Court personally prior to sentencing as required by Rule 32(a)(1), F.R.Crim.P.

sold to the undercover agents were for his own use. At that time the Court regarded the allegation as a mere after-thought on Johnson's part since the pre-sentence report showed that on a later occasion Johnson had attempted to make another sale to the undercover agents by showing them a white powdery sub-stance (which was not heroin), and when they refused to deal he became so threatening, menacing and aggressive in manner that the officers had to threaten to shoot him before he would leave. On September 10, 1973 Johnson filed a second motion for reduction of sen-tence. In his moving papers, John-son indicated indirectly that he was an addict because he stated that he was participating in the "NARA Program" at the Federal Correctional Institution at Danbury, Connecticut. However as in his first motion, Johnson was seeking a reduction of sentence for reasons of hardship, rather than alternate sentenc-ing under the Act. Moreover neither in that correspondence, nor in any other prior to the instant one, did Johnson al-lege or even hint that the sale he made was for the primary purpose of support-ing his own habit.

The Court concludes from the foregoing that its lack of awareness that Johnson might have been eligible for sentencing under the Act was due pri-marily to his failure to inform the Court or its officers of his potential eligibility. The burden was on Johnson to establish his eligibility for sentencing under the

Act, United States v. Porter, 277 F. Supp. 655 (D.Minn.1967), and in the ab-sence of any indication otherwise in the record to give the Court notice of his possible eligibility, his failure to inform the Court or its officers of his addic-tion, and in fact his outright denial of addiction to the Probation Department, justified the Court's failure to consider sentencing him under the Act. See Ra-mos v. United States, 432 F.2d 423 (C. A. 9, 1970). Thus, the Court does not consider Johnson's sentence illegal, and the Court lacks jurisdiction to modify his sentence under Rule 35.[5]

Johnson has also labeled his pa-pers in the alternative as a motion un-der 28 U.S.C. § 2255 to vacate a sen-tence imposed in violation of the Consti-tution or laws of the United States.[6] Since an action under 28 U.S.C. § 2255 is an independent civil suit, Andrews v. United States, 373 U.S. 334, 338, 83 S. Ct. 1236, 10 L.Ed.2d 383 (1963); Heflin v. United States, 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), the Court is without jurisdiction to proceed to consideration unless the application is accompanied by a filing fee or an appli-cation to proceed *in forma pauperis* with the requisite affidavit of poverty. Mc-Cune v. United States, 406 F.2d 417 (C. A. 6, 1969); Martin v. United States, 273 F.2d 775 (C.A. 10, 1960), cert. den. 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816 (1961).

Despite its inability to adjudicate the § 2255 claim for the above reason, the

5. There may be an even more fundamental reason why the Court lacks jurisdiction to modify Johnson's sentence at this time. In Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), the Su-preme Court stated that a sentence is illegal under Rule 35 if the punishment is in excess of that prescribed by the relevant statutes, if multiple terms were imposed for the same offense, or if the terms of the offense itself were legally or constitutionally invalid in any other respect. Thus, the Supreme Court limited the "illegal sentence" portion of Rule 35 to a very narrow ambit. Even if all the allegations in Johnson's motion were taken as true, the Court has grave doubts that the alleged infirmity in the sentence is one that

is correctable under Rule 35 as interpreted by the Supreme Court. In light of the Court's disposition of Johnson's. motion on other grounds, it is unnecessary to resolve this question.

6. 28 U.S.C. § 2255 provides in pertinent part:

"A prisoner in custody under sentence of a court established by Act óf Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to va-cate, set aside or correct the sentence."

Court notes in passing that Johnson's motion under § 2255 advances identical reasons for the same type of relief as his Rule 35 motion. Since the circumstances surrounding the imposition of his sentence did not sustain his contention that the sentence was illegal under Rule 35, the identical factual circumstances and arguments would fail to establish that the sentence was imposed "in violation of the Constitution or laws of the United States."

### ORDER

In light of the foregoing; it is Ordered that the motion of Donald Johnson for a revision of sentence under Rule 35, F.R.Crim.P., is hereby denied.