Domingo Hernandez **NERIA**, Jr., Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 74–1199
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.
May 6, 1974.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

---

Johnny Searls, El Paso, Tex. (Court-appointed), for petitioner-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

The district court's refusal to impose sentence under the provisions of the Narcotic Addict Rehabilitation Act, 18 U.S.C.A. §§ 4251–4255 is the sole error asserted by Neria on appeal. We affirm.

Neria pled guilty to conspiring to possess heroin with intent to distribute in violation of 21 U.S.C.A. § 846. He was sentenced to 15 years with a special parole term of 15 years. His subsequent 2255 motion attacking the sentence was denied by the district court which found Neria ineligible for commitment under NARA.

The statute under which Neria claims entitlement to relief poses two obstacles which he cannot overcome. First, 18 U.S.C.A. § 4251(f)(2), not mentioned by Neria, excludes "an offender who is convicted of unlawfully importing or selling or conspiring to import or sell a narcotic drug, unless the court determines that such sale was for the primary purpose of enabling the offender to obtain a narcotic drug which he requires for his personal use because of his addiction to such drug." Such a determination was not made by the court. Second, § 4251(f)(4) excludes "an offender who has been convicted of a felony on two or more prior occasions."

It is undisputed that Neria had two prior felony convictions. Relying on Watson v. United States, 1970, 141 U.S. App.D.C. 335, 439 F.2d 442, Neria argues, however, that this portion of the statute is unconstitutional. This contention has now been answered in Marshall v. United States, 1974, 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 in which the Supreme Court held that the exclusion provisions of the Act do not violate due process or equal protection concepts.

Finally, in United States v. Hart, 5 Cir. 1974, 488 F.2d 970 we had this to say concerning the district court's discretion under NARA:

If a defendant is to get NARA rehabilitative sentencing the court must determine that he is an eligible offender and believe that he is an addict; then the court may, *in its discretion*, place him in the Attorney General's custody for an examination preliminary to treatment. (Emphasis supplied)

Affirmed.