818 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jude Thaddeus MASTERS, Defendant-Appellant.
 No. 86-5160.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1987.
Decided May 6, 1987.
 
 Before WINTER, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.
 William Francis Renahan, for appellant.
 Joseph Sedwick Sollers, III, Office of the United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 This case involves a challenge to the district court's sentence following a guilty plea entered pursuant to a plea agreement. We hold that the district court did not abuse its discretion in not sentencing under the Narcotic Addict Rehabilitation Act, 18 U.S.C. Sec.Sec. 4251, et seq (Act), or in not articulating the reason that it did not.
 
 
 2
 Following a search of the defendant's premises which resulted in the seizure of a small amount of cocaine and controlled purchases of cocaine through or from the defendant, the defendant Masters, on March 10, 1986, entered into a guilty plea agreement with the United States Attorney's office. Masters agreed to plead guilty to the crime of conspiracy to distribute cocaine under 21 U.S.C. SS 846. The agreement also recited the maximum penalty for this criminal violation: Fifteen years' imprisonment and a $250,000 fine.
 
 
 3
 On July 10, 1986, the government filed a criminal information in the district court charging Masters with one count of conspiracy to distribute cocaine. Masters was later arraigned and entered a guilty plea to the one count information. The district court conducted a full inquiry before accepting the defendant's plea of guilt. It was careful to remind Masters that his maximum exposure for conviction of the crime was fifteen years and a substantial fine. moreover, the court warned Masters that the length of sentence was completely within the court's discretion and that neither defense counsel nor the government could promise him anything in the way of sentencing that was binding on the court. The district court then ordered that a presentence report be prepared.
 
 
 4
 On November 5, 1986, a hearing was held by the district court for the purpose of sentencing. The government pointed out that Masters had fulfilled the terms of the plea agreement by not only pleading guilty but by also testifying before a grand jury on behalf of the government in one case and by cooperating with the Drug Enforcement Administration in the investigation of another, the latter at personal risk. The court also heard the evidence of a defense witness concerning Master's drug rehabilitation. After due consideration, the district court sentenced Masters to four years' imprisonment.
 
 
 5
 Other facts deserve mention before proceeding. We have examined the record from beginning to end and find no mention of sentencing under the Act in any of the proceedings in the district court. No such mention was made; neither was the matter otherwise broached by the defendant. So, the contention that the district court erred in not so sentencing masters is first made on appeal. in addition, in the defendant's sentencing memorandum filed in the district court, the position was taken that "essentially, Mr. Masters had become addicted to cocaine and tbe DEA put an end to it." And, continuing in the next paragraph: "Since that time, Mr. Masters has conquered his cocaine habit and became involved in Narcotics Anonymous, Alcohol and Drug Recovery, Ltd., and Alcohol Anonymous." Evidence the defendant offered which may tend to support this conclusion was also introduced by the defendant by way of the Executive Director of the Alcoholic and Drug Recovery Program in Lanham, Md. Not only did the defendant file the sentencing memorandum prior to sentencing, at the conclusion of the sentencing hearing, after having been advised by the court that it would sentence him to four years in prison, he moved that a part of the sentence be suspended and that he be allowed to participate in a work release program. Despite these specific opportunities, mention was never made to the district court of sentencing under the Act.
 
 
 6
 Masters appeals the district court's sentence on several grounds, but only one merits any discussion here: whether the lower court abused its discretion in not sentencing the defendant under the Act, or in not articulating reasons why it did not.
 
 
 7
 In the first place, we are not at all sure that this question has been preserved for appeal. See, e.g., United States v. One 1971 Mercedes Benz 2-Door Coupe, 542 F.2d 912, 915 (4th Cir. 1976) (Questions not raised and properly preserved in the trial forum will not be noticed on appeal in the absence of exceptional circumstances). But, to give the defendant the benefit of the doubt, and for the purposes of our decision we will assume that the question is appealable. we keep in mind that sentencing under the provisions of the Act is left to the sound discretion of the district court. United States v. Barrow, 540 F.2d 204 (4th Cir. 1976). The burden of establishing eligibility for sentencing under the Act is on the defendant. United States v. Johnson, 373 F.Supp. 1057 (D. Del. 1974); United States v. Porter, 277 F.Supp. 655 (D. of Minn. 1967). See United States v. Stalnaker, 544 F.2d 725, 729 (4th Cir. 1976) (requiring defendant to show eligibility requirement).
 
 
 8
 The district court was presented facts by the defendant to show that he had ended his narcotics habit. Whether or not he was an addict within the meaning of the statute, 18 U.S.C. Sec. 4251(a), to be sure, is something a district court would have to decide if called upon, but, absent any request, we do not think the evidence in this case is so compelling that the absence of such a finding would be plain error. Also, the defendant now argues that the distribution of cocaine by the defendant was, under Sec. 4251(f)(2), for the primary purpose of enabling him to obtain a narcotic drug required because of his addiction. That such finding was sought by the defendant was also not brought to the attention of the district court, and the government tells us that it would have opposed such a finding because the defendant was a successful business man who owned or operated two businesses and employed approximately 15 people. In any event, any evidence along this line is also not sufficiently compelling, absent a request, to find that the district court erred in not making a finding with respect to it, and that such omission would be plain error. We do not decide that the plain error rule applies in such circumstances, only that if the rule applies, there is an insufficient showing here to take advantage of it.
 
 
 9
 In sum, we are of opinion that the district court did not err in its failure to sentence the defendant under the Act. Neither did it err in failing to articulate reasons for such failure.
 
 
 10
 We have examined the other assignments of error and are of opinion they are without merit.
 
 The judgment of the district court is
 
 11
 AFFIRMED.