UNITED STATES of America
v.
Milton A. **HUNTER**, Appellant.
No. 71–1980.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 7, 1972.

Decided Aug. 27, 1973.

Rehearing Denied Sept. 20, 1973.

4. 478 F.2d at 631.

John J. Sexton, Washington, D. C. (appointed by this Court), for appellant.

Joseph F. McSorley, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, and John R. Dugan, Asst. U. S. Attys., were on the brief for appellee.

Before SOBELOFF,* Senior Circuit Judge for the Fourth Circuit, and TAMM and LEVENTHAL, Circuit Judges.

PER CURIAM:

By indictment filed September 21, 1970, appellant was charged in three counts with violations of the Federal and local narcotics laws. On Count I, which charged that Hunter had, in violation of 26 U.S.C. § 4704(a), "purchased, dispensed and distributed . . . a narcotic drug", there was an acquittal. Conviction was had only under Count II, a Jones-Miller Act offense, 21 U.S.C. § 174, which charged that Hunter had "received, concealed and facilitated the concealment of a narcotic drug" and Count III, 33 D.C.Code § 402, alleging that Hunter knowingly possessed a narcotic drug. On November 18, 1971, appellant was sentenced to concurrent sentences of five years on Count II and one year on Count III. Appeal has been taken from both the conviction and sentence. On January 17, 1972, the District Court granted a conditional release pending appeal.

We reject appellant's contentions on the merits, and affirm the conviction. As to the attack on the sentence, predicated on the Eighth Amendment prohibition of cruel and unusual punishment,[1] we follow our ruling in United States v. Harrison & Lightfoot, 158 U.S.App.D.C. ——, 485 F.2d 1008 (1973).[2] The conviction is affirmed, the sentence vacated and the case remanded to permit full consideration of disposition under the Narcotic Addict Rehabilitation Act, Title II.

So ordered.

---

* Senior Circuit Judge Soboloff heard oral argument, sitting by designation pursuant to 28 U.S.C. § 294(d). He died on July 11, 1973.

1. The Supreme Court decision in Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973) is a dispositive answer to appellant's contention that the Comprehensive Drug Abuse Prevention and Control Act should be applied retroactively to his case.

2. Although appellant denied at trial that he was a narcotics user (Tr. at 143), which was consistent with his principal defense of misidentification, we think the question of addiction should be explored in the context of sentencing. Our remand is to permit consideration of NARA disposition if requested by appellant.