513 A.2d 939

**Carlton OPHER**

v.

**STATE of Maryland.**

**Post Conviction No. 6, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Sept. 4, 1986.

Roland Walker, Baltimore, for applicant.

Submitted before WILNER, BISHOP and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Following a bench trial in the Circuit Court for Somerset County, the applicant, Carlton Opher, was convicted of theft and unauthorized use of a motor vehicle. He was sentenced to a term of seven years imprisonment. A subsequent motion for modification or reduction of sentence was filed and denied by the court.

In his first petition for post conviction relief, applicant raised issues concerning competency of his trial counsel and the voluntariness of his jury trial waiver and court trial election. Each issue was based upon the trial judge's acquaintance with the victim in the applicant's case and the gravamen of applicant's complaints was that neither the trial judge nor trial counsel informed the applicant of that fact in advance of his waiver and election. Alleging a denial of due process and a fair trial, he sought a new trial.

Following a hearing, at which only the issue concerning voluntariness of his jury trial waiver and election of court trial was pursued,[1] the hearing judge denied the relief sought. First, noting the record demonstrated that the applicant "had a more than adequate understanding of all salient features of a jury trial", the judge found that the applicant knowingly and intelligently waived his right to a jury trial and elected a court trial. The judge observed:

> The right to be tried by a jury entitles a defendant to an impartial jury composed of twelve people selected at random. If the defendant voluntarily and intelligently waives that right, he then is entitled to have his case tried by an impartial judge. It was the latter of these two modes that petitioner here selected. To be entitled to relief under the Post Conviction Procedure Act, petitioner must show that he was deprived of due process under the

---

1. The applicant abandoned the incompetency of counsel issues during the hearing.

mode he selected, in that the judge he received was not impartial. Such a showing would entitle petitioner to a new trial at which a different judge, not a jury, would be the trier of fact.

Relying on a letter, addressed to applicant's counsel, in which the trial judge stated that the victim was neither a close personal friend nor related to him by blood or marriage, that the applicant failed to prove that he was prejudiced by a partial judge.

Opher's application for leave to appeal alleges error on the part of the Circuit Court for Somerset County in denying the relief prayed. Applicant contends that he should not have been required to show bias on the part of the trial judge to obtain a new trial. He further contends that the hearing judge's ruling that his jury trial waiver was knowing and intelligent was also erroneous. In that regard, he argues that "the court below in its decision, bifurcated the election of a court trial and the waiver of a jury trial, which while procedurally possible is substantively and intellectually impossible. (*Epps v. State*, 52 Md.App. 308, 450 A.2d 913 (1982).)"

The precise issue presented by the applicant has yet to be considered by any Maryland appellate decision. We have, however, recently reiterated that which the Court of Appeals has made patent: the trial court must make inquiry of an accused in order that jury trial waiver be effective. *Bell v. State*, 66 Md.App. 294, 296–301, 503 A.2d 1351 (1986). While no specific litany is required, *id.*, it is necessary that the totality of the circumstances demonstrates that the waiver was knowing and intelligent. *Robinson v. State*, 67 Md.App. 445, 466, 508 A.2d 159 (1986). *See Dortch v. State*, 290 Md. 229, 428 A.2d 1220 (1981); *Countess v. State*, 286 Md. 444, 408 A.2d 1302 (1979). Thus, it is *not* the law in Maryland that, to render a jury trial waiver effective, everything known to a trial judge which may conceivably

affect an accused's decision to waive jury trial must be communicated to the accused prior to the jury trial waiver.[1a]

On the other hand, applicant correctly points out that "no accused can intelligently make an *election* [without] knowledge of facts integral to his intelligent decision." The question is whether the trial judge's acquaintance with the victim is such a fact, an issue which has been considered in several federal cases. In *United States v. Kelly*, 712 F.2d 884 (1st Cir.1983), for example, the defendant contended that he did not knowingly and intelligently waive his right to a jury trial because neither he, nor his attorney knew, at the time of the waiver, that the trial judge had earlier, in a separate proceeding, authorized an extension of a wiretap order allowing the interception of his attorney's conversations. The court found no error, reasoning:

> "The type of information ... which the defendant must possess in order to make a knowing and intelligent waiver of the right to a jury trial relates to his knowledge of his constitutional rights." (Citations omitted)

*Id.* at 888. It relied upon *United States v. Conforte*, 457 F.Supp. 641, 660 (D.Nev.1978), aff'd 624 F.2d 869 (9th Cir.), *cert. denied*, 449 U.S. 1012, 66 L.Ed.2d 470 (1980). There, defendants argued that certain pretrial remarks made by the trial judge demonstrated that the trial judge was biased against them and that his failure to disclose that bias resulted in their being unable to make a knowing and intelligent waiver of a jury trial. The court responded:

> The error in the defendants' position lies in their assumption that non-disclosure of the judge's personal opinions deprived them of the information necessary to make an informed and intelligent jury waiver. In fact, the type of information required to make a proper jury waiver relates to the defendants' knowledge of their constitutional rights, not to the judge's innermost thoughts or out-of-

---

**1a.** In this regard, it is interesting to note that, unlike a venireman, a judge is not subject to *voir dire* by an accused.

court statements. Those are matters adequately treated by sections 144 and 455 of the Judicial Code.[2]

---

2. 28 U.S.C. §§ 144 and 455 provide, in pertinent part:

§ 144. *Bias or prejudice of judge*

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

\* \* \* \* \* \*

§ 455. *Disqualification of justice, judge, or magistrate*

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* at 660. The point was made even more emphatically in *Wyatt v. United States*, 591 F.2d 260 (4th Cir.1979). In that case, Wyatt did not know before waiving jury trial that the trial judge had previously presided in the trial of another defendant who had implicated Wyatt in the narcotics trafficking scheme for which he was then on trial. Nevertheless, the court approved the waiver, noting:

> When ... the circumstances are asserted to relate only to the predilection or special knowledge of the bench trial judge, we think and here hold that if they are not sufficiently grave to require disqualification of the judge ... they could not qualify as circumstances requiring the judge's *sua sponte* reconfirmation of an earlier [jury] waiver.

*Id.* at 265. We find these authorities to be persuasive.

Turning to the case *sub judice*, other than arguing that the trial judge failed to fulfill a duty to disclose his acquaintance with the victim, applicant does not suggest that there was, or point out any, deficiency in the jury trial waiver process. Indeed, he could not successfully do so. The record reflects, as the hearing judge found, that the inquiry directed to applicant by the trial judge and the applicant's responses thereto demonstrate that the applicant had a more than adequate understanding of the nature and composition of a jury and the consequences of electing a court trial so as to knowingly and intelligently waive a jury trial. Under the circumstances, then, applicant may prevail only if the trial judge's relationship with the victim was such as to

---

\*   \*   \*   \*   \*   \*

(e) No justice, judge, or magistrate shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

Although by no means identical, Maryland's *Canons and Rules of Judicial Ethics* (Maryland Rule 1231) contains similar provisions. Compare Canons XIII, XXV, and XXXII and Rule 2, which are reproduced infra, pp. 7 & 8.

require the trial judge to recuse himself from trying applicant's case. *Wyatt v. United States, supra. But see United States v. Murphy*, 768 F.2d 1518, 1536–41 (7th Cir.1985) (Even where there is an appearance of impropriety—here a strong friendship between the prosecuting attorney and the trial judge, which included a planned joint vacation immediately following the trial—reversal is not required unless substantial rights of the defendant are actually affected.)

Three of the Canons of Judicial Ethics and Rule 2 are pertinent to our inquiry. Canon XIII provides:

### XIII.

### Kinship or Influence

A judge should not act in a controversy in which a near relative is party, witness, or lawyer; he should not suffer his conduct to justify the impression that any person can improperly influence him or unduly enjoy his favor, or that he is affected by the kinship, rank, position, or influence of any party or other person. He should not testify voluntarily as a character witness.

This canon is expanded upon by canon XXV, Personal Investments and Relations, which in pertinent part, declares:

... It is desirable that he should, so far as reasonably possible, refrain from all relations which would normally tend to arouse the suspicion that such relations warp or bias his judgment, or prevent his impartial attitude of mind in the administration of his judicial duties....

A judge's social relations are treated in canon XXXII. It instructs that:

It is not necessary to the proper performance of judicial duty that a judge should live in retirement or seclusion; it is desirable that, so far as reasonable attention to the completion of his work will permit, he continue to mingle in social intercourse, and that he should not discontinue his interest in or appearance at meetings of members of

the bar. He should, however, in pending or prospective litigation before him be particularly careful to avoid such action as may reasonably tend to awaken the suspicion that his social or business relations or friendships constitute an element in influencing his judicial conduct.

Finally, Rule 2 provides:

A judge shall not exercise his duties with respect to any matter in which a near relative by blood or marriage is a party, has an interest, or appears as a lawyer. He shall not participate in any matter in which he has a significant financial interest or in which he previously acted as lawyer. For the purpose of this rule "near relative" shall mean connection by consanguinity or affinity within the third degree, counting down from a common ancestor to the more remote.

Under the canons and rules, the only cases in which recusal of a judge is mandated are cases or matters in which (1) a near relative, by blood or marriage, is involved as a party, witness or lawyer; (2) the judge has a significant financial interest; or (3) the judge has previously acted as lawyer. Canon XIII; Rule 2. All other circumstances present the question whether there is an appearance of impropriety. See Canons XIII, XXV, and XXXII. They may or may not require recusal, depending upon their factual underpinnings.

Aside from the trial judge's failure to disclose his acquaintance with the victim, the applicant neither suggests nor points to any impropriety, or even any facts which might give rise to an inference of impropriety, on the part of the trial judge in the handling of the case. We have reviewed the record and we find that it demonstrates that the victim was neither a close friend nor a near relative of the trial judge. Moreover, we have been unable to find anything in the record to indicate that the trial judge was anything but impartial throughout the trial. On this record, we conclude that recusal was not required, *See United States v. Harrelson,* 754 F.2d 1153, 1164–66 (5th Cir.1985);

*Territory of Guam v. Garrido,* 752 F.2d 1378, 1380 (9th Cir.1985); *Jarrell v. Balkom,* 735 F.2d 1242, 1259 (11th Cir.1984), *cert. denied,* 471 U.S. 1108, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985), and further, that there simply is no basis for granting the relief sought.[3]

Before leaving this matter, we think it appropriate to make clear that, although not required, it is certainly desirable that the trial judge's acquaintance with the victim of the crime being tried be disclosed on the record before that judge accepts the defendant's jury trial waiver. The hearing judge is of the opinion that in a small county disclosure of an acquaintance with the victim "would place an unreasonable burden on the judiciary and would result in a change of venue or recusations in a myriad of cases involving local residents." Missing from the hearing judge's list of possible consequences is the obvious and more likely one, in cases such as the instant one, disclosure is more apt to result in a jury trial being prayed. That is neither an undesirable nor oppressive consequence. Therefore, we reiterate, the better practice is to disclose.

APPLICATION FOR LEAVE TO APPEAL DENIED.

---

3. The Proposed Maryland Code of Judicial Conduct, upon adoption, would mandate the same result. *See* proposed Canons 3, particularly 3 C. and 3 D., and 2, Maryland Register, Vol. 13, Issue 4 (February 14, 1986).