Kenneth BANKS, Appellant,

v.

UNITED STATES, Appellee.

No. 84–1797.

District of Columbia Court of Appeals.

Argued April 22, 1986.
Decided Oct. 22, 1986.
As Amended Oct. 28, 1986.

Gary T. Brown, appointed by this court, for appellant.

Lee F. Satterfield, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty. and Michael W. Farrell, Asst. U.S. Atty., were on the brief, for appellee.

Before BELSON, ROGERS and STEADMAN, Associate Judges.

ROGERS, Associate Judge:

Appellant Kenneth Banks appeals his convictions in a trial by the court of three counts of unlawful distribution of cocaine and one count of unlawful distribution of heroin. D.C.Code § 33–541(a)(1) (1985 Supp.). He contends the trial judge abused his discretion in denying the motion for a mistrial because of judicial partiality, and in refusing to hear at the time of sentencing Banks' proffer of eligibility for sentencing under the addict exception of D.C.Code § 33–541(c)(2) (1985 Supp.) because at trial Banks had denied distributing heroin.[1] We hold that although the trial judge should have recused himself from sitting as the trier of fact after Banks admitted his guilt on the cocaine charges in a Super.Ct. Crim.R. 11 proceeding, the refusal to grant

1. Banks also argued the trial judge erred in denying his motion to dismiss the indictment based on *INS v. Chadha*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), but has conceded that in *Gary v. United States*, 499 A.2d 815 (D.C.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1470, 89 L.Ed.2d 725 (1986), which also decided the consolidated case of *Pee v. United States,* the issue regarding the constitutionality of the D.C. Uniform Controlled Substances Act, D.C.Code §§ 33–501 *et seq.* (1985 Supp.), has been decided adversely to him.

a mistrial is reversible error.[2] Resentencing is required, however, because the trial judge erred in ruling that Banks' denial at trial of selling heroin deprived the court of jurisdiction to consider whether the addict exception should apply; accordingly we remand the case for resentencing.

## I.

On the second day of trial, after a second undercover police officer had testified in the government's case-in-chief about Banks' sale of cocaine, Banks expressed a willingness to accept the government's latest plea offer.[3] The trial judge proceeded to inquire pursuant to Super.Ct.Crim.R. 11. Banks told the judge, "Well, Your Honor, the only part that I did sell [is] the cocaine, but I didn't sell any heroin." The judge responded "I can't take the plea of guilty if you did not do it. So there is no way you can accept the government's plea offer if you are not guilty because they are not offering you an Alford plea and principally it's not your offer, right?" Thereafter Banks' counsel moved for a mistrial because the judge had heard Banks' admission of guilt of the cocaine charges and would no longer be able to be impartial as the trier of fact. At trial Banks' testimony was consistent with his Rule 11 statement.

The trial judge denied the motion for a mistrial on the ground that there was no impediment to his continuing as the trier of fact because he would be able to evaluate the sufficiency of the government's evidence without prejudice or bias. On appeal Banks argues that the judge abused his discretion because the only issue in the case involved the credibility of Banks and the government witnesses, and the trier of fact had heard him admit his guilt to three of the four pending charges. The decision to declare a mistrial is reversible only for

an abuse of discretion, *Beale v. United States*, 465 A.2d 796, 799 (D.C.), *cert. denied*, 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1983), and, under the circumstances of the instant case, we find none.

This court has considered the issue of judicial impartiality in several cases which provide useful guidance. In each case the trial judge heard powerful incriminating evidence prior to trial and subsequently sat as trier of fact. *See Butler v. United States*, 414 A.2d 844 (D.C.1980) (en banc); *In re L.J.W.*, 370 A.2d 1333 (D.C.1977); *In re W.N.W.*, 343 A.2d 55 (D.C.1975). The court concluded in each case that the trial judge should have recused himself after hearing this evidence and certified the case to another judge for trial. Our reasoning has been based on two principles: first, the trial judge must actually remain impartial and able to consider only relevant and admissible evidence in making adjudications; second, there must not be an appearance of partiality in the proceeding regardless of the judge's subjective state.

In evaluating a judge's impartiality, this jurisdiction has long recognized a presumption that trial judges, absent a showing of prejudice, consider only relevant and admissible evidence in making their findings. *Riley v. District of Columbia*, 207 A.2d 121, 122 (D.C.1965), citing *Fennel v. United States*, 116 U.S.App.D.C. 62, 320 F.2d 784 (D.C.Cir.1963); *Teate v. United States*, 297 F.2d 120 (5th Cir.1961). *See also United States, ex rel. Placek v. Illinois*, 546 F.2d 1298, 1304–05 (7th Cir.1976) (in appeal from pretrial denial of habeas corpus petition, held that where evidence on the voluntariness of the defendants' confessions also admitted at trial, learned and experienced state court judges are presumed, in the absence of a showing of substantial prejudice, not to have been improperly influ-

---

**2.** Banks also contends the trial judge erred in denying his motion to suppress the undercover police officers' ride-by identification testimony. This contention is meritless. *See Fields v. United States*, 484 A.2d 570 (D.C.1984).

**3.** The government offered to forego filing enhancement papers if Banks pled guilty to all four counts of the indictment. Earlier that day he had indicated his willingness to plead to one count of heroin and one count of cocaine distribution.

enced). The presumption reveals a basic faith that trial judges sitting as triers of fact are able to perform their essential functions as adjudicators in the same manner that they are able to make numerous other rulings: by weeding out inadmissible, incompetent evidence and relying only on admissible, competent evidence in making findings of fact. *See United States v. Menk*, 406 F.2d 124, 126–27 (7th Cir.1968) (per curiam), *cert. denied*, 395 U.S. 946, 89 S.Ct. 2019, 23 L.Ed.2d 464 (1969), quoting *United States v. Bolden*, 355 F.2d 453, 456 (7th Cir.1965), *cert. denied*, 384 U.S. 1012, 86 S.Ct. 1919, 16 L.Ed.2d 1018 (1966).

> Trial judges are invariably called upon to conduct impartial trials despite whatever opinion they may have or which they may formulate during the course of the trial concerning the guilt or innocence of an accused. Such impartiality is precisely what is expected of them, and an experienced trial judge must be assumed capable of performing his [or her] essential function. In short, prejudice must be shown by trial conduct; it may not be presumed or inferred from the subjective views of the judge.

*Bolden, supra*, 355 F.2d at 456.

The appearance of impropriety requires different considerations. Section 6–1.7 of the American Bar Association's Standards for Criminal Justice (Special Functions of the Trial Judge) (2d ed. 1980) provides:

> The trial judge should recuse himself or herself whenever the judge has any doubt as to his or her ability to preside impartially in a criminal case *or whenever the judge believes his or her impartiality can reasonably be questioned.* [Emphasis supplied].

*See Commonwealth v. Goodman*, 454 Pa. 358, 311 A.2d 652 (1973) (applying ABA Standard) and concluding that a trial "judge should honor request for recusation where prejudicial information is received in a pre-trial proceeding that would otherwise be inadmissible during the course of the trial of the cause," cited in *W.N.W., supra*, 343 A.2d at 58 n. 2.

These principles have been applied in the following manner. In *W.N.W., supra*, the court held that there was no violation of the statute [4] or due process under the Fifth Amendment when, over defense objection, the trial judge presiding at the fact-finding hearing in a non-jury juvenile delinquency proceeding had previously seen the juvenile's social history report during a detention hearing in another case involving the same juvenile. The court recognized the "presumption that a trial court will disregard all irrelevant matters in making its adjudications," but noted that since the judge had seen the juvenile's social history report, the better course would have been for the judge to recuse himself in order to avoid "an impermissible appearance of partiality and probability of unfairness." *Id.* at 58. The holding was restricted to juvenile proceedings, and did not consider similar circumstances in adult nonjury criminal prosecutions. *Id.* at 58 n. 2. In *L.J.W., supra*, 370 A.2d 1333, also a juvenile delinquency proceeding, the trial judge had heard sworn testimony in a pretrial suppression hearing in which the co-respondent had implicated L.J.W. In rejecting a claim that L.J.W. was entitled to a separate trial under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the court relied on the presumption stated in *W.N.W.*, that the trial judge will disregard irrelevant matters, observing that "the core of *Bruton*, was that a jury would not be able to do what we presume a judge is able to do, namely accept evidence for one purpose and disregard it for another." *Id.* at 1336.

In *Butler, supra*, 414 A.2d 844, the en banc court held that the defendant was deprived of due process where the trial

**4.** D.C.Code § 16–2312(j) provides in relevant part:
Upon objection of the child or his parent, guardian or custodian, a judge who conducted a detention or shelter care hearing shall not conduct a factfinding hearing on the petition.

judge sitting as the trier of fact in a criminal prosecution failed to certify the proceeding to another judge after defense counsel told the judge immediately before a hearing on a pretrial motion to suppress, that the government could prove its case beyond a reasonable doubt and his client intended to commit perjury. Counsel's statement was made following the defendant's request for new counsel on the ground counsel had failed adequately to communicate with him. The trial judge refused to appoint new counsel and tried to convince the defendant to accept the government's plea disposition. This court stated "[i]t is difficult to imagine how the neutrality of a judge could remain free from compromise ..." in such a situation. *Id.* at 852. "When the [trial] court has regard for the ability and honesty of the lawyer, as the court apparently did here, the credibility of the defendant would necessarily suffer in direct proportion to such regard." *Id.* The court concluded that recusal and certification to another court is the desired procedure (*see Thornton [v. United States*, 357 A.2d 429, *cert. denied*, 429 U.S. 1024, 97 S.Ct. 644, 50 L.Ed.2d 626 (1976)]) and we hold that it is mandated. Error in failing to do so is compounded when the judge sits as the trier-of-fact. The due process clause commands fundamental fairness in factfinding. *See McKeiver v. Pennsylvania*, 403 U.S. 528, 554, 91 S.Ct. 1976, 1990, 29 L.Ed.2d 647 (1971).

*Id.* Moreover, the en banc court also found, notwithstanding the trial court's recitation of its reasons for denying the defendant's motion to suppress and its statement at trial that the government had established each and every element of each offense beyond a reasonable doubt, that "the destruction of the appearance of impartiality is so prevalent on this record as to strain [the] presumption [that the trial judge considered only relevant and admissible evidence] beyond the breaking point." *Id.* at 853.

 The statements made by Banks during the plea proceeding were inadmissible at trial. Super.Ct.Crim.R. 11(e)(4) provides that evidence of a plea of guilty which is later withdrawn, and any statement made in conjunction with such a plea, will not be admissible against the defendant in any criminal proceedings.[5] *See also Johnson v. United States*, 420 A.2d 1214, 1215 (D.C.1980) (per curiam) (error for prosecutor to cross-examine defendant on prior inconsistent statements made in course of plea proceeding). We find no evidence that the trial judge considered inadmissible evidence in reaching his verdict. The judge's findings of fact relied on the evidence presented by the government through three undercover police officers, prerecorded money, and the drugs. With respect to the heroin offense that Banks denied committing during the Rule 11 proceeding and at trial, the judge credited the officer's testimony that Banks had sold heroin because of the officer's contemporaneous broadcast of a detailed description and his unobstructed identification of Banks moments after the transaction.

The trial judge specifically acknowledged the importance of appearances in his findings regarding his ability to continue to find facts fairly.[6] He recognized that when the issue at trial involves credibility,

---

5. The exceptions to Rule 11(e)(4) do not apply here. Statements made in the course of a plea proceeding are admissible at trial only if another statement made in the course of the Rule 11 proceeding has been introduced and the second statement ought in fairness to be considered with it, or in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath on the record and in the presence of counsel.

6. I have to be able to say that I can continue to find the facts in this case without being prejudiced by Mr. Banks' Rule 11 responses. And I think subjectively, I unequivocally feel able to do that and believe that I can. And objectively, I don't believe that the circumstances are such that the process in this case which is, of course, of legitimate concern, and the appearance of how that process has operated, I don't believe that things have taken place in this case that warrant the conclusion that notwithstanding my confidence, I shouldn't continue in any event.

the trier of fact may be in an impossible position if a defendant offers a defense through his own testimony which is contrary to his plea testimony. The judge further observed that if Banks intended to deny the cocaine charges at trial, after admitting his involvement during the Rule 11 inquiry, then a mistrial might have to be granted.

The trial judge's concern for appearances is also evident by his alerting of defense counsel that prior to trial he had heard about Banks' culpability during his co-defendant's plea hearing, although he could not recall the details. Thus, at the hearing on Banks' pretrial motion to suppress, the judge advised that he had heard the co-defendant's plea but did not believe there was any prejudice as a result because the motion was denied. The judge still offered to find another judge to sit as the trier of fact. Defense counsel, after conferring with Banks, responded that Banks had advised he understood everything the judge had said, and "is confident that this Court, notwithstanding the fact that it took the plea of [the co-defendant], can be fair as a fact finder."

■ Our prior decisions make clear that the preferable procedure would have been for the trial judge to certify the case to another judge for trial after he rejected the plea.[7] The sole issue at trial involved the credibility of the undercover police officers and Banks. Earlier in the day Banks had indicated his willingness to plead guilty to one cocaine count and to the heroin count. *See supra* note 3. Thus, by raising a defense of misidentification to the heroin charge, Banks presented the trial judge with a situation which was not significantly different than if Banks had denied the cocaine charges at trial. That Banks had declined an offer prior to his Rule 11 statement to have his case sent to another judge, does not overcome the preference for referral to another factfinder. By the time Banks moved for a mistrial, the trial judge had been informed on two additional occasions of Banks' willingness to accept the government's plea dispositions.[8]

■ We conclude, however, that reversal is not required. In refusing to accept the plea to the heroin charge, the trial judge told Banks that he would have to hear the evidence before deciding if Banks was guilty. In addition, unlike the circumstances in *Butler, supra,* neither Banks' counsel nor the trial judge attempted to evaluate the defense or the government's case against Banks on the heroin charge, or any other charge, prior to hearing the government's witnesses. Furthermore, Banks' testimony at trial was consistent with his statement at the Rule 11 proceeding. The record also reveals no untoward conduct by the trial judge at any point in the proceedings, but rather, a conscientious effort to assure that the appearance of impartiality was preserved. Indeed, Banks acknowledged as much prior to the Rule 11 inquiry when he rejected the offer to have his case tried by a different judge. Accordingly, the fundamental fairness of the factfinding was not so strained as to overcome the presumption that the trial judge considered only relevant and admissible evidence.

## II.

■ At the time of sentencing Banks attempted to present evidence of his addic-

---

7. Alternatively, the judge could have declined to conduct the Rule 11 inquiry. Having another judge hear a mid-trial plea would appear to involve less delay and inconvenience than a mid-trial recusal of the trier of fact. The potential for mischief through use of aborted mid-trial pleas to obtain a new trier of fact also would be minimized.

8. The government contends Banks did not properly raise the issue of recusal in the trial court, relying on Super.Ct.Civ.R. 63–I. Rule 63–I addresses extrajudicial source bias. *See Gregory v. United States,* 393 A.2d 132, 142 (D.C.1978); *Baylor v. United States,* 360 A.2d 42, 44 (D.C.), *cert. denied,* 429 U.S. 1024, 97 S.Ct. 643, 50 L.Ed.2d 626 (1976). Banks' claim was different, and the record clearly reveals that his motion for a mistrial alerted the trial judge to the recusal issue.

tion to heroin in order to be sentenced under the addiction exception to the mandatory minimum provisions of D.C.Code § 33–541(c)(2).[9] The sentencing judge, who was also the trier of fact, refused, in considering all of the charges, to allow any evidence on the alternative sentencing because Banks had testified at trial that he did not sell heroin and, therefore, could not meet his burden of showing that he sold drugs and the reason he sold drugs was due to his heroin addiction.

D.C.Code § 33–541(c)(2) clearly states that the sentencing judge has discretion to waive the mandatory minimum sentencing provisions if a defendant has been convicted of distributing a controlled substance included in Schedule I, II or III. Cocaine is a controlled substance included in Schedule II. D.C.Code § 33–516(1)(D) (1985 Supp.). Banks never denied under oath selling cocaine. Therefore, even under the sentencing judge's analysis, Banks was entitled to demonstrate his eligibility for addict exception sentencing by virtue of his convictions for distribution of cocaine.

In ruling that the addiction exception was unavailable to Banks, the judge explained that if he allowed the hearing to proceed he would be confronted with the knowledge that Banks had perjured himself with regard to the heroin charge either at trial or at sentencing. The judge stated:

> The addict exception can't be done without his testimony. And if he were to take the witness stand and give me sworn testimony that he did do it and that was the reason, (a), I wouldn't know what to believe because he would have then given sworn testimony directly at odds with himself; and [ (b) ] he subjects himself to perjury prosecution. I'd find the testimony to be of no value.

The Supreme Court held in *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978), that a sentencing judge, in fixing sentence within statutory limits, may properly consider that a defendant gave false testimony during trial. The court concluded a defendant's willingness to commit the serious crime of perjury "may be deemed probative of his attitudes toward society and prospects for rehabilitation," *id.* at 52, 98 S.Ct. at 2616, and thus was a relevant factor in sentencing. The court cautioned, however, that the sentencing judge would not be required "to enhance, in some wooden or reflex fashion, the sentences of all defendants whose testimony is deemed false," but was authorized "to evaluate carefully a defendant's testimony on the stand, determine—with a consciousness of the frailty of human judgment—whether that testimony contained willful and material falsehoods, and, if so, assess in light of all the other knowledge gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society." *Id.* at 55, 98 S.Ct. at 2618.

Thus, the sentencing judge erred in precluding Banks from establishing his eligibility for alternative sentencing. Under the addict exception "an important factor for the judge to consider in sentencing an eligible defendant is the defendant's pros-

---

9. Banks' counsel had submitted a letter to Judge Morrison, a copy of which was sent to the government, regarding sentencing under the addict exception. The letter or an explanation of its contents is not included in the record on appeal.

D.C.Code § 33–541(c)(2) (1985 Supp.) provides:

[T]he court may, in its discretion, waive the mandatory-minimum sentencing provisions of subparagraphs (A) and (B) of paragraph (a) of this subsection when sentencing a person *who* has not previously been convicted in any jurisdiction in the United States for knowing-

ly or intentionally manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance included in Schedule I, II or III if the court determines that the person was an addict at the time of violation of subsection (a)(1) or (b)(1) of this section, and that such person knowingly or intentionally manufactured, distributed, or possessed with intent to manufacture or distribute a controlled substance included in Schedule I, II or III for the primary purpose of enabling the offender to obtain a narcotic drug which he required for his personal use because of his addiction to such drug.

pect for drug rehabilitation." *Grant v. United States,* 509 A.2d 1147, 1154 (D.C. 1986). The appropriate course for the judge to have followed was to hear Banks' proffer and evaluate the effect of his inconsistent statements in determining his prospects for rehabilitation in light of all other relevant information about his addiction.

The holding in *Grayson,* that perjury is but one factor to be considered by the sentencing judge in assessing a defendant's rehabilitative potential, is particularly important in the context of the addict exception because the inquiries at trial and sentencing are quite different. At trial the key issue was whether Banks has distributed drugs. At sentencing, the government having proven beyond a reasonable doubt that Banks has distributed the drugs, the inquiry focuses instead on whether he was an addict under D.C.Code § 33–501(24) at the time of the offense, and whether this addiction was the primary purpose for the commission of the offense. *Grant, supra,* at 1154. Because of the differences in focus at trial and sentencing, federal courts interpreting the Narcotic Addict Rehabilitation Act, 18 U.S.C. §§ 4251 *et seq.* (1982) *repealed* effective Nov. 1, 1986, by Pub.L. 98–473, Oct. 12, 1984, 98 Stat. 2027, 2031 (NARA), which provides a similar alternative sentencing scheme for addicts, have required that the issue of addiction be explored at sentencing. Therefore, under NARA, a defendant's previous denials of addiction at trial or to a probation officer do not preclude a separate judicial determination of addiction at sentencing. *See, e.g., United States v. Hunter,* 158 U.S.App.D.C. 256, 257 n. 2, 485 F.2d 1035, 1036 n. 2 (1973); *United States v. Hart,* 488 F.2d 970, 971 n. 3 (5th Cir.1974). This court has adopted the same approach for the addict exception under the District of Columbia Uniform Controlled Substance Act. In *Grant, supra,* at 1153, we interpreted the addict exception as evincing a legislative

intent that rehabilitation designed to curb drug use is a desirable goal notwithstanding a defendant's conviction of a drug offense, and that a judge must determine at the time of sentencing whether a defendant should receive the benefit of sentencing under the addict exception. *Id.* at 1154.

Banks never denied heroin addiction; at trial he admitted using heroin three or four times a week and purchasing two twenty-five dollar bags on November 9, 1983, which he used for his personal use that day, before he was arrested. He denied only having sold the heroin which he was charged with distributing on that date, and his denial was consistent with his defense of misidentification. Therefore, once the trial judge found beyond a reasonable doubt that Banks sold heroin on November 9, 1983, the judge could not, because of Banks' testimony, deny him an opportunity to demonstrate his eligibility for addict exception sentencing. *See Hunter, supra,* 158 U.S.App.D.C. at 257 n. 2, 485 F.2d at 1036 n. 2 ("[a]lthough appellant denied at trial that he was a narcotics user, which was consistent with his principal defense of misidentification, we think the question of addiction should be explored in context of sentencing").[10] Of course, had the judge found Banks eligible for addict exception sentencing, he retained discretion to sentence Banks to the mandatory minimum sentence. *Grant, supra,* at 1154.

Accordingly, we affirm the judgment of conviction, and remand the case to the trial court with instructions to vacate Banks' sentences and afford him an opportunity to establish his eligibility for sentencing under the addict exception.

*Affirmed in part, reversed in part.*

---

10. We do not suggest that an evidentiary hearing is necessarily required. *See Grant, supra,* at 1155–56. The trial judge must indicate, in a manner sufficient to permit appellate review, recognition of the eligibility requirement and of the determination whether a defendant is eligible to be sentenced under the addict exception. *Id.* at 1153. *See Dorszynski v. United States,* 418 U.S. 424, 443–44, 94 S.Ct. 3042, 3052–53, 41 L.Ed.2d 855 (1974).