**William ANNETTI, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 89–1313.**

District of Columbia Court of Appeals.

Submitted Nov. 18, 1991.

Decided Dec. 18, 1991.

Betty M. Hunter, Washington, D.C., was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., Cynthia G. Wright, John R. Fisher, Thomas C. Black, and Thomas L. LeClaire, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before STEADMAN and SCHWELB, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

▇ Appellant, William Annetti, seeks reversal of his conviction of simple assault, in violation of D.C.Code § 22–504 (1989), after a bench trial. Specifically, Annetti alleges that the evidence was insufficient to support his conviction[1] and that the trial court erred in denying his motions for a mistrial and for a new trial. We affirm.

▇ Appellant's principal contention, that the trial court erred in denying his motion for a new trial when the trial judge failed to disclose to the appellant before he waived his right to a jury trial that the judge's brother was a police officer, is a matter of first impression in this jurisdiction. However, in concluding that the trial judge properly denied the motion, we are guided by the decisions of other federal and state courts that have considered this issue. These courts have uniformly held that a criminal defendant may not attack the validity of his waiver of a jury trial on the ground that the trial judge failed to disclose information absent circumstances

---

1. Viewed in the light most favorable to the government, the evidence showed that the appellant, a member of the Fourth District Metropolitan Police Force, struck a handcuffed burglary suspect during the course of escorting the detainee to and placing him in a police transport vehicle. Eyewitness testimony concerning the incident was sufficient to sustain a conviction of simple assault. *See Hill v. United States,* 541 A.2d 1285 (D.C.1988); *Williamson v. United States,* 445 A.2d 975 (D.C.1982).

that would warrant recusal. *See, e.g., United States v. Kelley,* 712 F.2d 884 (1st Cir.1983); *United States v. Conforte,* 457 F.Supp. 641 (D.Nev.1978), *aff'd* 624 F.2d 869 (9th Cir.), *cert. denied,* 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980); *Opher v. State,* 68 Md.App. 491, 513 A.2d 939 (1986). In rejecting an attack on the validity of a jury waiver because the trial judge had failed to disclose that he was an acquaintance of the victim, the *Opher* court, in an opinion authored by Judge Robert M. Bell, now a member of the Court of Appeals of Maryland, noted that "the type of information required to make a proper jury waiver relates to the defendants' knowledge of their constitutional rights, not to the judge's innermost thoughts or out-of-court statements. Those are matters adequately treated by [provisions of the Judicial Code governing recusal or bias or prejudice of a judge]." *Opher, supra,* 513 A.2d at 941 (quoting *Conforte, supra,* 457 F.Supp. at 660). In the instant case, the trial judge fully advised the appellant of his right to a jury trial and the consequences of waiving that right. In addition, there was no need for the trial judge to recuse himself from the case solely because his brother was a Port Authority police officer in New York. *See Banks v. United States,* 516 A.2d 524 (D.C.1986); *Opher, supra,* 513 A.2d at 943.

■ Finally, we must reject the appellant's contention that the trial court abused its discretion in denying his motion for a mistrial where the trial judge admitted reading a newspaper article about the appellant's case after the evidence had been presented but before the judge rendered his verdict. In light of the article's marginal relevance to appellant's trial, the trial judge's statement that he had reached a decision before he read the article, and the absence of any evidence of bias or prejudice in the proceedings, we find that the trial judge did not abuse his discretion in denying the motion. *Banks, supra,* 516 A.2d at 526; *(Edwin L.) Scott v. United States,* 412 A.2d 364, 371 (D.C.App.1980).

*Affirmed.*