Willis G. FINNEY, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 86–106.

District of Columbia Court of Appeals.

Submitted May 14, 1987.

Decided June 15, 1987.

James T. Wright, Washington, D.C., was on the brief for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Vincent W. Caputy, and Jody Goodman, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before BELSON and TERRY, Associate Judges, and GALLAGHER, Senior Judge.

TERRY, Associate Judge:

After a non-jury trial, appellant was convicted of distributing heroin [1] and was sentenced to a prison term of four to twelve years under the mandatory minimum sentencing statute.[2] His only contention on appeal is that the trial court erred in refusing to consider him for sentencing under the so-called "addict exception" to the mandatory minimum provision.[3] We hold that appellant failed to meet his statutory burden of showing that he qualified for the addict exception; indeed, as a matter of law he could not meet that burden because he had a prior conviction of distributing heroin. We therefore affirm the challenged sentence.

■ The evidence at trial showed that appellant sold a packet of heroin to an undercover officer for $25.00. When he came before the court for sentencing, the court had before it a presentence report which indicated that appellant was a drug addict, but also revealed that he had been convicted in 1982 of distributing heroin. Both appellant and his counsel acknowledged this prior conviction. The court therefore declined to consider appellant for sentencing under the addict exception, ruling that the plain language of D.C. Code § 33–541(c)(2) [4] excluded him from such consideration, even though the government had not filed an information alleging the previous conviction. That ruling was plainly correct.

■ The burden of establishing eligibility for sentencing under the addict exception rests entirely on the defendant who invokes it. *Grant v. United States*, 509 A.2d 1147, 1149 (D.C.1986); *see also* D.C. Code § 33–553(a) (1986 Supp.).[5] That burden is twofold. "First, the defendant must alert the trial judge prior to the imposition of sentence that he seeks to be sentenced under the addict exception.... Second, the defendant must proffer prima facie evidence of his eligibility. That evidence must include that he has no disqualifying convictions...." *Grant, supra*, 509 A.2d at 1154. In the instant case, appellant concededly alerted the trial judge that he sought to be sentenced under the addict exception. But he failed to prove his eligibility, because he could not; his prior conviction made such proof impossible.

■ Given the plain language of section 33–541(c)(2), we can come to no other conclusion. The statute limits the availability of the addict exception to defendants who have never before been convicted of

1. D.C. Code § 33–541(a)(1) (1986 Supp.).

2. D.C. Code § 33–541(c)(1) (1986 Supp.).

3. D.C. Code § 33–541(c)(2) (1986 Supp.).

4. D.C. Code § 33–541(c)(2) (1986 Supp.) provides:

> Notwithstanding the provisions of paragraph (1) of this subsection, the court may, in its discretion, waive the mandatory-minimum sentencing provisions of subparagraphs (A) and (B) of paragraph (1) of this subsection when sentencing a person *who has not been previously convicted* in any jurisdiction in the United States for knowingly or intentionally manufacturing, *distributing*, or possessing with intent to manufacture or distribute a controlled substance included in Schedule I, II or III if the court determines that the person was an addict at the time of the violation

of subsection (a)(1) or (b)(1) of this section, and that such person knowingly or intentionally manufactured, distributed, or possessed with intent to manufacture or distribute a controlled substance included in Schedule I, II or III for the primary purpose of enabling the offender to obtain a narcotic drug which he required for his personal use because of his addiction to such drug. [Emphasis added.]

Heroin (diacetylated morphine) is a Schedule I controlled substance. D.C. Code § 33–514(2)(K) (1986 Supp.).

5. D.C. Code § 33–553(a) provides:

> It is not necessary for the prosecution to negate any exemption or exception in this chapter in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this chapter. The burden of proof of any exemption or exception is upon the person claiming it.

"knowingly or intentionally manufacturing, distributing, or possessing with intent to manufacture or distribute" certain types of controlled substances, including heroin. Anyone so convicted is automatically and necessarily excluded from its coverage. If the possible existence of such a conviction is made known to the sentencing judge from any source,[6] the judge simply cannot ignore it. Rather, the judge must advise the defendant that such information has come to the court's attention and give the defendant an opportunity to "proffer prima facie evidence of his eligibility," *i.e.*, evidence "that he has no disqualifying convictions...." *Grant v. United States, supra*, 509 A.2d at 1154.

▮ The fact that the government did not file an information setting forth appellant's prior conviction is entirely irrelevant. Such informations are required by D.C. Code § 23–111(a)(1) (1981) when the government seeks an enhanced penalty—for example, when the defendant is a repeat offender subject to a greater maximum sentence under D.C. Code § 22–104 or 22–104a (1981). This court has always strictly enforced the procedural requirements of section 23–111. *See, e.g., Fields v. United States*, 396 A.2d 990, 991 n. * (D.C.1979); *(Robert) Smith v. United States*, 356 A.2d 650 (D.C.1976); *(Ernestine) Smith v. United States*, 304 A.2d 28 (D.C.), *cert. denied*, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973). But section 23–111 does not apply to this case because we are not here dealing with an enhanced penalty. The addict exception permits a sentencing court to reduce the sentence below the mandatory minimum when the defendant makes the requisite showing under *Grant*. The statute neither authorizes nor requires the court to increase the sentence beyond what would otherwise be the lawful maximum (or minimum). Consequently, there is no enhanced penalty, and the government need not file an information alleging a prior conviction. The mandatory minimum sentence *must* be imposed *unless* the defendant proves that he is eligible for a lesser sentence under the addict exception. The court's duty to impose the mandatory minimum cannot be affected by the government's decision to file or not to file such an information.[7] Likewise, the court is not precluded from sentencing under the addict exception by the government's failure to file an information, provided that the defendant proves his eligibility.

Section 33–541(c)(1) of the Code sets up "a sentencing scheme designed to restrict a judge's sentencing discretion for certain violent crimes and drug offenses." *Grant v. United States, supra*, 509 A.2d at 1153. Section 33–541(c)(2) opens the discretionary door very slightly to permit a judge, in sentencing an addict, to waive the mandatory minimum in certain circumstances. Appellant's previous conviction of distributing heroin kept that door closed, and thus he was unable to demonstrate his eligibility for the addict exception. "Nothing in the [statute] suggests that the addict exception was intended as a loophole for drug users who are also sellers." *Id.* (citation omitted). The sentencing judge correctly ruled that his discretion was limited and that the addict exception was not available to appellant.

*Affirmed.*

---

**6.** "The sentencing court ... must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed." *Wasman v. United States*, 468 U.S. 559, 563, 104 S.Ct. 3217, 3220, 82 L.Ed.2d 424 (1984); *see United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972) (sentencing judge "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come" (citations omitted)); *Williams v. Oklahoma*, 358 U.S. 576, 584, 79 S.Ct. 421, 426, 3 L.Ed.2d 516 (1959). *See generally Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed.2d 1337 (1949); 18 U.S.C. § 3577 (1982).

**7.** Of course, the government may file an information, if it chooses to do so, to ensure that the court is made aware of a disqualifying conviction.