**Ricky BRANDON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 87–720.

District of Columbia Court of Appeals.

Argued Dec. 5, 1988.

Decided Jan. 27, 1989.

Deborah A. Trevino, Public Defender Service, with whom James Klein and Jennifer P. Lyman, Public Defender Service, Washington, D.C., were on the brief, for appellant.

Roberto Iraola, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and Michael W. Farrell, Helen M. Bollwerk, and Robertson T. Park, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before STEADMAN and SCHWELB, Associate Judges, and PRYOR, Senior Judge.

SCHWELB, Associate Judge:

Ricky Brandon appeals from the imposition of a mandatory minimum sentence of imprisonment for no less than twenty months and no more than five years following his conviction by a jury of distribution of cocaine. D.C.Code § 33–541(a)(1) (1988). He contends that the trial judge, Hon. George Herbert Goodrich, improperly found him automatically ineligible for sentencing under the "addict exception," § 33–541(c)(2), because Brandon had denied making the sale in question at trial and thereafter, and had failed to acknowledge it at the time of sentencing. Although there is support in the record for finding Brandon ineligible for the addict exception, we are uncertain whether Judge Goodrich's ruling was based on evidentiary insufficiency or on the theory, urged on the judge by the government, that a defendant is automatically ineligible unless he first admits that he sold the drugs in question and then proves that he did so for the primary purpose of supporting his habit. Because we conclude that a defendant's refusal to admit at the time of sentencing that he sold the drugs in question does not automatically preclude the judge from finding the defendant eligible, we remand for further proceedings.

I

The government alleged at trial that Brandon, who was working with another man, advertised cocaine and eventually sold a packet of it to Officer Dorothy A. King, who was working undercover. A few minutes later he was arrested and identified by

Officer King as a participant in the sale. Upon searching Brandon incident to the arrest, the police recovered $265 in cash, including $15 in prerecorded funds used by Officer King to purchase the cocaine.

Brandon testified in his own behalf and denied committing the offense. He claimed that he had observed a man named Tyrone, who owed him some money, in a transaction with an unknown woman, who later turned out to be a police officer. He denied any knowledge of the nature of the transaction between the two. He claimed that Tyrone then gave him $15 in partial payment of the preexisting debt. Soon thereafter, the police arrested him and recovered, among other things, the money he had just received from Tyrone. The jury, however, elected not to credit this account, and Brandon was found guilty as charged.

Following his conviction, Brandon was interviewed by the probation officer who was preparing the presentence report. According to the report, Brandon told the writer that he had a $100 per day heroin habit. His claim of substance abuse was corroborated by several positive urine tests for opiates. Brandon also acknowledged to the probation officer that in 1986, he had begun to sell cocaine to support his habit. He asserted, however, that he had stopped selling drugs when his mother was incarcerated for a similar offense.[1] Brandon vehemently denied to the probation officer that he had made the sale of cocaine for which he had been convicted.[2]

The government's position in the trial court was unequivocal: Brandon's denial that he made the sale required the imposition of a mandatory minimum sentence. In urging that Brandon be detained pending sentencing, the prosecutor stated:

> ... Your Honor, as far as an addict exception ... he would be disqualified from that based on the fact that he said he never had anything that day. So he could never say at the time of sentencing that he was holding [or] selling drugs because he was trying to support a habit he had, even though he is testing positive for opiates.

Brandon's defense attorney, however, argued to the contrary:

> I think the Court could resolve the issue by saying that the Court is bound by the factual finding of the jury, which is he sold this cocaine.
>
> And then the Court can go from there and accept his representations that he was engaged in—at and around this period, in the distribution of drugs to support his own heroin habit. And the Court could find that the addict exception is acceptable.

Judge Goodrich concluded that there was missing from defense counsel's "interesting" presentation a "link" or "nexus," which he thought was required by the statute, between the defendant's addiction and the specific transaction which was the subject of the trial. He indicated that

> as is sometimes the case in all mandatory-minimum situations, the discretion which hopefully can be utilized is absent. We are not left with that discretion because the mandatory provisions apply.

Perhaps with some reluctance—if that is what the word "hopefully" reflects—the judge imposed a mandatory minimum sentence. This appeal followed.

## II

Upon conviction of distribution of cocaine, Brandon was subject pursuant to § 33–541(c)(1) to a mandatory minimum sentence of twenty months without probation or parole unless he qualified for the "addict exception." Section 33–541(c)(2) provides in pertinent part, however, that the court may in its discretion waive the mandatory minimum sentencing provisions if the defendant has no prior disqualifying

---

1. The record does not disclose the date of his mother's incarceration, but Brandon's counsel indicated at the sentencing hearing that his admitted sale of cocaine occurred "at and around" the period of his arrest.

2. Although Brandon did not discuss his guilt or innocence during his brief allocution at the sentencing hearing, his counsel stated that he continued to deny having committed the charged offense.

conviction for distribution of certain controlled substances or like conduct and

> if the court determines that the person was an addict at the time of [the] violation ... and that such person knowingly ... distributed ... a controlled substance ... for the primary purpose of enabling the offender to obtain a narcotic drug which he required for his personal use because of his addiction to such drug.

Under the plain language of the statute, it is the court which must make the determination that the defendant was an addict at the time of the charged conduct and that his prime purpose was to obtain money for drugs to feed his habit. The judge may disbelieve, as the jury did here, a defendant's denial that he made the sale in question. Indeed, the trier of fact may conclude that he did so despite the defendant's contrary testimony under oath. Accordingly, although the defendant is obviously placed in an embarrassing and in some respects untenable position when he asks a judge to make a finding contrary to his (the defendant's) own sworn testimony, the judge is not precluded from doing so.

This court has had two prior occasions to consider the "addict exception" in some detail. In *Grant v. United States*, 509 A.2d 1147 (D.C.1986), the court held, among other things, that this exception to mandatory minimum sentencing was not intended as a "loophole for drug users who are also sellers," that the defendant has the burden of demonstrating that he is eligible for sentencing under the addict exception, *id.* at 1153, and that the burden, while substantial, "cannot be insurmountable or tantamount to the repeal of the addict exception." *Id.* at 1156. The court explained that the question of the defendant's addiction is to be fully explored in the context of sentencing, and that his denials

of addiction at earlier stages of the case are not binding. *Id.* at 1153.

In *Banks v. United States*, 516 A.2d 524 (D.C.1986), the defendant, like Brandon here, had denied at trial that he had made the heroin sale of which he was convicted, although he acknowledged his responsibility for other unlawful sales. At sentencing, he claimed eligibility for the addict exception. The trial judge summarily denied his claim because "the addict exception can't be done without his testimony," and because, Banks having denied that he sold the drugs in question, any testimony that he did sell them to obtain money to support his own addiction would contradict his previous statements under oath, and would subject him to prosecution for perjury. This court reversed, holding that perjury, while a relevant sentencing consideration, was not conclusive,[3] and because

> in the context of the addict exception ... the inquiries at trial and sentencing are quite different. At trial the key issue was whether Banks has distributed drugs. At sentencing, *the government having proven beyond a reasonable doubt that Banks had distributed the drugs*, the inquiry focuses instead on whether he was an addict under D.C. Code § 33–501(24) at the time of the offense, and whether this addiction was the primary purpose for the commission of the offense.

*Id.* at 531 (emphasis added). The court went on to state that once the trial judge[4] had found that Banks had sold heroin on the date charged, he could not, on the basis of Banks' trial testimony alone, deny him the opportunity to demonstrate his eligibility for addict exception sentencing. *Id.*

The present case differs from *Banks*[5] in that defense counsel represented at the sentencing hearing that Brandon continued to deny the offense. . We are therefore not presented here—as the court potentially

---

3. The court relied heavily on *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978).

4. Banks' trial was by the court without a jury, and the judge was the trier of fact.

5. *See also Muldrow v. United States*, 525 A.2d 1031, 1032–33 (D.C.1987) (*per curiam*), following *Grant* and holding that Muldrow's statement, apparently to the Pretrial Services Agency, that "I do not use drugs" did not obviate the need for an inquiry into his eligibility for the addict exception.

was in *Banks*—with the prospect of mutually contradictory statements by the defendant under oath. Rather, we are confronted with the question whether the judge is precluded from finding that Brandon did something for a specific purpose when Brandon has consistently denied that he did it at all. Although it is certainly unusual for a defendant to ask the court to make a finding contrary to his own sworn testimony, we think that the judge is nevertheless free to do so if a conscientious assessment of the evidence leads to such a result.

The passage from *Banks* quoted at p. 642, *supra*, establishes that once the trier of fact has found guilt beyond a reasonable doubt, the only remaining issues are (1) whether the defendant was addicted and (2) whether the sale in question was primarily to acquire drugs for his personal use to accommodate his addiction. There is no logical reason for requiring the defendant's testimony to establish either the first or the second of these propositions. Circumstantial evidence may be as persuasive as direct evidence, or more so. *See, e.g., Janifer v. Jandebeur*, 551 A.2d 1351 (D.C.1989). We conclude that the nexus which Judge Goodrich found lacking between the sale in question on the one hand, and Brandon's alleged addiction and need to sell drugs in order to support his habit on the other, can be proved circumstantially. We understood the government to have conceded as much at argument, but so hold in any event.

A hypothetical set of facts—far different from what Brandon proved here, but nevertheless revealing—serves to demonstrate why we reach this conclusion. The sale which Brandon denied making occurred on September 19, 1986. Suppose that Brandon provided credible proof that he had been a heroin addict for two years, and that he regularly sold cocaine to obtain money to buy heroin throughout that period. Suppose further that he testified that he had sold cocaine for that purpose on September 14, 15, 16, 17 and 18, and again (for the same purpose, after release on bond) on September 20, 21, 22, 23 and 24. Surely, even if Brandon testified that September 19 was an exception, and that on that day Tyrone did it but he (Brandon) did not, the judge could legitimately find, based on the jury verdict, that the sale on September 19, (the fact of which the jury's verdict established), was for the same purpose as all the prior sales and the subsequent transactions. Just as proof of other crimes may sometimes be used by the government to illuminate the intent with which the defendant did the charged act, *see Drew v. United States*, 118 U.S.App.D. C. 11, 331 F.2d 85 (1964), so such evidence can be utilized here by the defendant to show the purpose with which he acted on the occasion in question.

There is further support for our holding in a thoughtful decision by Judge Henry F. Greene in *United States v. Peterkin*, 115 Daily Wash.L.Rptr. 2133 (Super.Ct.D.C. 1987). In that case, following a remand by this court based on *Grant* and *Banks*, Judge Greene found that the defendant, who continued to deny the offense of which he was convicted, had not established his eligibility for the addict exception because he had failed to present any evidence linking his addiction to his possession of heroin with intent to distribute it on the occasion in question. In reaching his decision, however, Judge Greene stated that notwithstanding the defendant's denial both at trial and upon remand, the jury verdict established to his satisfaction that Peterkin had possessed the drugs with the prohibited intent, as charged. With respect to the missing nexus between the commission of the offense and Peterkin's alleged need for money to buy drugs to appease his own addiction, the judge observed that

> it warrants emphasis that this court does *not* hold that such evidence must come from testimony by defendant, either at trial or the sentencing hearing, but only that there must be *some* such evidence.

*Id.* at 2137 n. 3 (emphasis in original). The judge added that circumstantial evidence, such as the insufficiency of a defendant's legitimate income to pay for his habit, might be sufficient in some cases to estab-

lish the requisite nexus. We agree.[6]

## III

■ At oral argument, the parties were at odds over whether or not Judge Goodrich's ruling that a mandatory minimum sentence must be imposed was predicated on a belief by the judge, consistent with the prosecutor's argument, that Brandon's denial of the offense precluded eligibility for sentencing pursuant to the addict exception. Each side viewed the record as unambiguous in this regard, the defense arguing that the judge's decision was so predicated and the prosecution contending that it was not. Our review of the record of the sentencing proceeding, some of which is quoted at p. 641, *supra,* persuades us that either reading is possible.

The judge may have thought Brandon's denial conclusive. If he did, the sentence is undermined by that understandable misapprehension. The judge may also have correctly believed, on the other hand, that the denial was only one factor in the equation, and that the evidence of addiction and of the purpose of the sale was insufficient. In that event, the sentence may stand.

Since we are not sure which of these possibilities represents what actually occurred, we must remand the case to the sentencing judge for further proceedings.

We emphasize the limits of our holding.[7] If Judge Goodrich's finding of ineligibility was based on his view that the evidence presented at the time of sentencing as to addiction, or of Brandon's purpose in committing the offense, was insufficient without regard to any rule of preclusion, he should explicitly so find and leave the sentence intact. If, on the other hand, the judge believed that he was precluded by Brandon's continued denial of the offense from considering sentencing pursuant to the addict exception, then he should reconsider the sentence in recognition of the fact that the law compels no such preclusion. He should then make a finding as to whether Brandon is eligible for the addict exception[8] and, if he is, impose an appropriate sentence in the exercise of his discretion.[9]

Even if Brandon is eligible for sentencing under the addict exception, the judge may, in his discretion, impose the maximum sentence. *See Banks, supra,* 516 A.2d at

---

**6.** We find further, albeit modest, support for our holding in three additional propositions. First, the rule of lenity applies, at least as a last resort, to issues of this kind. *See, e.g. Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980). Second, a ruling which would compel the defendant to admit the sale in order to avoid a mandatory minimum sentence, might chill not only self-serving fabrication—an acceptable consequence—but also truthful testimony. Any admission made at sentencing could presumably be used against the defendant in the event his conviction were reversed and a new trial were ordered. Third, mandatory minimum sentencing in the Superior Court has become riddled with exceptions, some in the legislation itself and some created by the prosecutor (*e.g.* charging "attempted distribution" in cases where the transaction has been completed). *See, e.g. United States v. Rogers,* 115 Daily Wash.L.Rptr. 221 (Super.Ct.D.C. 1986); Note, *Sentencing the Addict Offender,* 37 CATHOLIC L.REV. 733 (1988). To ignore the holes in the cheese and to apply mandatory penalties with rigor to those who deny the offense might reinforce the apprehended chilling effect.

**7.** The defendant has the burden of establishing his eligibility for the addict exception. *Grant, supra.* The parties not having addressed the issue, we do not decide whether, in determining whether the defendant has established the necessary nexus between his addiction and the sale, the trial judge may consider the absence of testimony on the issue from the person who knows most about it, namely the defendant.

**8.** As we have noted previously, Brandon told the writer of the presentence report that he stopped selling cocaine to support his heroin addiction at the time of his mother's incarceration. We have been unable to discern from the record when this allegedly occurred. If this event substantially predated the commission of this offense, this would obviously present serious problems for any circumstantial showing that the instant sale was designed to accommodate Brandon's addiction.

**9.** This court has held that, in exercising his discretion, the sentencing judge should treat as an important factor the defendant's prospect for drug rehabilitation. *Grant, supra,* 509 A.2d at 1154; *Banks, supra,* 516 A.2d at 530–31. If the judge finds that Brandon committed perjury during the trial, the judge is free to consider this in assessing Brandon's rehabilitative potential and, in general, as to what Brandon's punishment should be. *Banks, supra,* 516 A.2d at 531; *Grayson, supra,* 438 U.S. at 55, 98 S.Ct. at 2618.

531.[10] If he elects not to do so, however, the judge should vacate his prior sentence[11] and substitute therefor whatever punishment he believes to be fair both to the defendant and to the community.

Accordingly, the case is remanded to the sentencing judge for proceedings consistent with this opinion. We suggest that the judge hold a hearing on remand, so that the parties can address the various issues raised by this opinion. *Cf. Warrick v. United States,* 551 A.2d 1332 (D.C.1988).

**10.** In the case of cocaine, the maximum sentence for distribution is imprisonment for five years, § 33–541(a)(2); § 33–516(1)(D). Since the mandatory minimum term is 20 months, § 33–541(c)(1)(B), and since the minimum may be no more than one-third of the maximum, *i.e.* five years, § 24–203(a) (1981), the mandatory minimum and the minimum which accompa-

nies imposition of the maximum sentence are virtually identical.

**11.** The prior sentence may or may not remain in effect after Judge Goodrich has considered the impact of this opinion. Accordingly, we elect not to vacate the sentence at this time, leaving it to the judge to determine whether such a step is necessary or appropriate.