**Lawrence R. STROMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 91–82.**

District of Columbia Court of Appeals.

Submitted March 17, 1992.

Decided April 17, 1992.

---

Betty J. Clark, Washington, D.C., appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, James R. Rutherford, and Shanlon Wu, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before STEADMAN, Associate Judge, and MACK and BELSON, Senior Judges.

BELSON, Senior Judge:

Appellant Stroman appeals from the imposition of the mandatory-minimum sentence of imprisonment of not less than four nor more than twelve years, pursuant to D.C.Code § 33–541(c)(1)(A) (1988), upon his plea of guilty to one count of possession with intent to distribute cocaine, D.C.Code § 33–541(a)(1) (1988). At the sentencing hearing, appellant sought the benefit of the "addict exception," D.C.Code § 33–541(c)(2) (1988).[1] Although the trial judge had no serious question that Stroman was an "addict," he was not persuaded that Stroman had committed the offense for the primary purpose of supporting his own drug consumption. The trial judge therefore concluded that Stroman failed to meet his burden of showing that he was eligible for sentencing under the addict exception. Stroman contends that the trial judge erred in finding that there was an insufficient nexus between the offense committed and appellant's addiction to qualify for the addict exception. Because we are satisfied that the trial judge's determination that Stroman had failed to carry his burden of persuasion on the issue of nexus was not plainly wrong or without evidence to support it, we affirm.

At the sentencing hearing, the only evidence that was presented in support of Stroman's claim of eligibility for the addict exception was his own testimony and a proffer by Stroman's trial counsel that Stroman had completed a drug rehabilitation program but had suffered a relapse. Stroman testified that at the time of his arrest he was spending approximately $100 per day on cocaine. He indicated that money from his friends helped to pay for it. Moreover, he claimed to have been earning $50 per day as a demolition worker. The testimony given by Stroman at the sentencing hearing did not conclusively demonstrate how he supported his $100 daily use of cocaine. Whether the money came from his friends, his wages of $50 a day,

---

1. The addict exception of the Controlled Substance Act provided in pertinent part that:

    [T]he court may, in its discretion, waive the mandatory-minimum sentencing provisions ... when sentencing a person who has not previously been convicted in any jurisdiction in the United States for knowingly or intentionally manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance ... if the court determines that the person was an addict at the time of the violation ... and that such person knowingly or intentionally manufactured, distributed, or possessed with intent to manufacture or distribute a controlled substance ... for the *primary purpose* of enabling the offender to obtain a narcotic drug which he required for his personal use because of his addiction to such drug. (Emphasis added.)

    D.C.Code § 33–541(c)(2) (1988).

through illegal sales, or a combination of those sources was left far from clear.

Similarly, Stroman's testimony was internally inconsistent regarding the quantity of cocaine appellant sold each day and the amount of money he thereby acquired. Initially Stroman stated that he was able to purchase sufficient amounts of cocaine daily to sell twenty "six-packs" of cocaine at $20 a package. Stroman contradicted himself, however, by later testifying that he sold only six "six-packs" of cocaine at $20 per package, with the result that he would gross $120 rather than $400 a day from cocaine sales.

Stroman admits on appeal that his testimony at trial regarding the amount of profits from the cocaine he sold and the amount of that money he used for his own consumption was "somewhat confusing and bewildering." After hearing conflicting testimony regarding the use and sale of narcotics, the trial judge stated he had no serious question that appellant was an addict, but was not persuaded "that he committed this offense for the primary purpose of enabling him to obtain a narcotic drug." Accordingly, the trial judge found Stroman ineligible for sentencing pursuant to the addict exception.

■ This court has not expressly determined the standard of review that should be applied to a trial court's factual findings underlying its determination whether a defendant is eligible for the addict exception. Clearly, a trial judge possesses "wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed...." *Butler v. United States,* 379 A.2d 948, 950 (D.C.1977) (quoting *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949)); *Grant v. United States,* 509 A.2d 1147, 1154 (D.C. 1986). The trial judge must make his determination of a defendant's eligibility under the addict exception on the basis of reliable information and appropriate consid-

erations. *See Williams v. United States,* 427 A.2d 901, 904 (D.C.1980), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981). This court will accept the trial court's resolution of conflicting testimony, and will not disturb a factual finding underlying the trial court's determination of eligibility for the addict exception unless the finding is plainly wrong or without evidence to support it. This is the standard of review fixed by the statute for this court's review of factual findings made by trial judges in cases tried without jury. D.C.Code § 17–305(a) (1989). This court has employed the same standard to review other factual findings by trial judges. *See, e.g., United States v. Alexander,* 428 A.2d 42 (D.C.1981) (review of factual findings in motion to suppress).

■ In making the determination of whether a defendant qualifies for the addict exception, the trial judge "must determine at the time of the sentencing whether the defendant's proffer ... demonstrates that the defendant was an 'addict' at the time of the offense and committed the offense to obtain drugs for his personal use or his drug addiction." *Grant, supra,* 509 A.2d at 1154; *see Brandon v. United States,* 553 A.2d 640, 642 (D.C.1989); *Dupree v. United States,* 583 A.2d 1000, 1002 (D.C.1990). The burden of demonstrating eligibility for the addict exception rests upon the defendant so that the exception does not become a "loophole for drug users who are also sellers." *Brandon, supra,* 553 A.2d at 642. The proffer should contain "information about the nature of the defendant's addiction and its relationship to his offense," and not consist of mere conclusory statements. *Dupree, supra,* 583 A.2d at 1000 (quoting *Grant, supra,* 509 A.2d at 1154). For a defendant to establish that he is an addict, he must show that he comes within the applicable definition of addict which is set forth in D.C.Code § 33–501(24) (1988).[2] In addition, however, a defendant must prove that the primary purpose for the commission of the offense

---

2. [A]ny individual who habitually uses any narcotic or abusive drug so as to endanger the public morals, health, safety, or welfare, or who is or has been so far addicted to the use

of such narcotic drug or abusive drug as to have lost the power of self-control with reference to his addiction.
D.C.Code § 33–501(24) (1988).

with which he is charged was to enable the defendant to obtain a narcotic drug he required because of his addiction. *Grant, supra,* 509 A.2d at 1154. We note, however, that even if the defendant is found to be eligible for sentencing under the addict exception, it remains within the sound discretion of the trial judge to determine whether to use the exception in sentencing. *Id.*

Considering the entire record in light of the deference this court gives to the factual findings of a trial judge, it is apparent that we cannot say that the trial court's finding that Stroman had failed to establish that he committed the offense primarily to obtain drugs he required for his own personal use because of his addiction was plainly wrong or unsupported by evidence of record.

*Affirmed.*