Tyrone MOZELLE, Appellant,

v.

UNITED STATES, Appellee.

No. 89–CF–789.

District of Columbia Court of Appeals.

Argued May 26, 1992.

Decided Aug. 18, 1992.

Marion E. Baurley, Washington, D.C., appointed by this court, for appellant.

William Landers, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, and Elizabeth Trosman, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before FERREN and KING, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior Judge:

A jury found Tyrone Mozelle guilty of distribution of cocaine in violation of the District of Columbia Uniform Controlled Substances Act, D.C.Code § 33–541(a)(1) (1988 Repl.). The trial judge sentenced Mo-zelle to a period of incarceration of five to fifteen years, with a mandatory minimum term of twenty months. On appeal, Mozelle contends that the trial court (1) abused its discretion in denying his post-trial motion for a new trial based on alleged juror bias, and (2) denied him an adequate opportunity to prove eligibility for alternative sentencing under the "addict exception," D.C.Code § 33–541(c)(2). Because the trial court did not err in denying Mozelle's motion for a new trial, and because the trial judge acted well within his discretion in reaching his determination not to apply the addict exception, we affirm.

I.

■ After the verdict had been entered, a defense witness told Mozelle that he had recognized one of the jurors. Mozelle moved for a new trial on the ground that the juror's deliberate failure to disclose this information at trial deprived Mozelle of a fair and impartial jury. The trial court promptly held a post-trial hearing on the motion at which the juror and the witness testified.

The evidence presented at the post-trial hearing showed that two years earlier, the witness lived in an apartment house in which the juror's gospel singing group rehearsed from time to time. The witness had come to a few rehearsals and wanted to join the group, but his voice was not up to par. The trial court found that the juror's nondisclosure of this information was inadvertent and that no prejudice to Mozelle resulted from the juror's acquaintance with the witness.

■ The Sixth Amendment requires diligent scrutiny to protect a defendant from juror bias. *Artisst v. United States,* 554 A.2d 327, 331 (D.C.1989). When a defendant alleges juror bias after trial, the trial court must hold "a hearing 'in which the defendant has the opportunity to prove actual bias.'" *Id.* at 330 (quoting *Shannon & Luchs Management Co. v. Roberts,* 447 A.2d 37, 41 (D.C.1982)). If the court

finds actual prejudice, the appropriate remedy is a new trial. *Id.*

Here, the trial court properly conducted a prompt hearing upon Mozelle's allegation of juror bias. During the hearing, Mozelle had ample opportunity to show prejudice, but failed to persuade the court. Thus, we find that the trial court did not abuse its discretion in denying Mozelle's motion for a new trial.

## II.

■ The crime for which Mozelle was convicted carries a mandatory minimum sentence of twenty months. D.C.Code § 33–541(c)(1)(B) (1988 Repl.). Mozelle sought to avoid the mandatory minimum by invoking the "addict exception," D.C.Code § 33–541(c)(2). That provision grants the trial judge discretion to waive the mandatory minimum sentence for a defendant who shows that (1) he was an addict at the time of the offense, (2) his primary purpose for commission of the offense was to obtain drugs he required for his personal use because of his addiction, and (3) he has no prior convictions of specified drug offenses. *Dupree v. United States,* 583 A.2d 1000, 1002 (D.C.1990); *Grant v. United States,* 509 A.2d 1147, 1154 (D.C.1986).

In the present case, Mozelle had no disqualifying convictions, and the trial judge was willing to assume he was an addict. However, the judge indicated that, on the basis of information set forth in the presentence report,[1] he was disinclined to apply the addict exception. Thus, it was pointless to grant Mozelle's request to continue sentencing in order to give Mozelle time to develop an alternative sentencing proposal contemplating application of the exception. Sentencing was continued for about six weeks for another reason, however, *viz.,* to permit counsel to determine the veracity of Mozelle's denial that he had committed one of the offenses upon which sentencing enhancement was to be based. At the continued sentencing hearing, Mozelle made no proffer concerning the addict exception or any alternative sentencing plan.

■ A trial judge retains discretion whether or not to waive the mandatory minimum sentence even when the defendant establishes that he meets the addict exception's requirements. The pertinent section of the District of Columbia Code provides that "the court *may, in its discretion,* waive the mandatory-minimum sentencing provisions" if the defendant qualifies for the addict exception. D.C.Code § 33–541(c)(2) (emphasis added). In *Grant,* we stated that the "appropriate sentence" for a defendant who qualifies for the addict exception "rests within the sound discretion of the trial judge." *Grant, supra,* 509 A.2d at 1154. We recently reiterated this point in *Stroman v. United States,* 606 A.2d 767 (D.C.1992). It is within the trial judge's discretion to choose not to waive the mandatory minimum sentence even where the statute permits waiver.

Mozelle argues that, even though the trial judge decided not to waive the mandatory minimum sentence on the basis of information he learned from the presentence report, the judge was nevertheless obliged to consider something further—a proffer or testimony regarding a treatment plan which would have tended to show Mozelle's eligibility and suitability for the addict exception. Mozelle relies on our statement in *Grant* that "the defendant must be given a fair opportunity to demonstrate his eligibility and to persuade the judge that his addiction and offense make inappropriate imposition of the mandatory minimum sentence. This opportunity will generally be afforded when a defendant submits a proposal for sentencing under the addict exception." *Grant, supra,* 509 A.2d at 1155.

■ We find this argument without merit. A sentencing judge has broad discretion concerning what to allow to be presented at sentencing. *See Caldwell v. United States,* 595 A.2d 961, 966 (D.C. 1991); *Johnson v. United States,* 508 A.2d 910, 911 (D.C.1985); *Williams v. United States,* 427 A.2d 901, 904 (D.C.1980), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981); Super.Ct.Crim.R. 32.

---

1. The presentence report was not included in the record on appeal.

Where, as here, a judge does not proceed with an addict exception hearing because he has determined from the presentence report that he will implement the mandatory minimum sentence, there is no abuse of discretion. This is true even assuming that the appellant is eligible for the exception and can produce an alternative sentencing plan.[2] As we stated in *Grant,* "[A] hearing may be unnecessary when the trial judge finds reliable information in the presentencing report of a defendant's eligibility or his unlikely prospects for rehabilitation...." *Grant, supra,* 509 A.2d at 1155. All that is required is that the trial judge "make his determination of a defendant's eligibility under the addict exception on the basis of reliable information and appropriate considerations." *Id.* (citations omitted). Whether or not information is "reliable" is a factual determination which we cannot disturb unless plainly wrong or without evidence to support it. D.C.Code § 17–305(a) (1989 Repl.).

Here, the trial judge decided not to invoke the addict exception based on information in the presentence report. Because the presentence report is not part of the record, we do not know what negative information dissuaded the judge from applying the exception. We do know that Mozelle did not challenge the accuracy of the report. Thus, we cannot say that reliance on the presentence report was either plainly wrong or without supporting evidence. Under the circumstances, the judge's refusal to continue sentencing in order to give Mozelle time to develop an alternative sentencing proposal that contemplated application of the exception cannot be held to constitute an abuse of discretion. Accordingly, the judgment of the trial court is

*Affirmed.*

---

2. This does not mean, of course, that a defendant should not be permitted to allocute, in either a written or oral statement, about his claimed addiction.